**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Linda PARKER, Defendant–Appellant.**

No. 02–5138.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2003.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

## ORDER

Linda Parker, represented by counsel, appeals from her judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, a jury convicted Parker of possessing five grams or more of pure methamphetamine and fifty grams or more of a mixture of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Parker to 78 months of imprisonment.

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District

In her timely appeal, Parker essentially argues that: 1) the trial court improperly denied her motion to suppress because the affidavit used to support the issuance of a search warrant was deficient; 2) the issuing judge improperly relied on oral testimony from the affiant; 3) the district court improperly determined that the "good faith" exception to the exclusionary rule applied in this case; 4) the court violated her speedy trial rights; and 5) the district court improperly enhanced her offense level for possession of two shot guns.

■ Upon review, we conclude that the district court properly denied Parker's motion to suppress. A decision on a motion to suppress evidence is reviewed under two separate standards. First, this court will uphold a district court's factual findings unless they are clearly erroneous. Second, review of the district court's legal determination as to probable cause is de novo. *See United States v. Hill,* 195 F.3d 258, 264–65 (6th Cir.1999). This court will view the evidence adduced during a suppression hearing in the light most favorable to the government. *See id.*

Here, the totality of the circumstances supports the finding that the search warrant was supported by probable cause of criminal activity at Parker's residence. In his affidavit, Officer Weber averred that he had received information from a confidential informant that the informant had observed drugs and drug making paraphernalia at Parker's residence. The affidavit also provided a description of how the drugs were packaged, a very detailed description of the residence (including the bedroom where the drugs were located), and a description of a trailer where the informant advised that the suspects had

of Ohio, sitting by designation.

been cooking methamphetamine. A review of the affidavit also reflects that the police attempted to corroborate the information provided by the informant. Officer Weber described the residence in detail, including the state of the yard and the vehicles located on the property, corroborating the informant's description of the residence and indicating that the informant had actually been to and provided an accurate description of the residence. Furthermore, during the hearing, Weber testified that he had known the informant for approximately five years, that the informant had proven to be reliable, and that the informant had previously provided Weber with information leading to the arrests of individuals who had violated narcotics laws. Hence, the district court properly denied Parker's motion to suppress because the affidavit provided probable cause to issue a search warrant.

■ The district court also properly concluded that the issuing judge was authorized to consider Weber's oral testimony. Under federal law, the issuing magistrate judge may take into account oral information provided by the affiant as long as it is provided under oath. *See United States v. Harris*, 255 F.3d 288, 290–93 (6th Cir.), *cert. denied*, 534 U.S. 966, 122 S.Ct. 378, 151 L.Ed.2d 288 (2001). Here, Weber's testimony was offered under oath during a suppression hearing.

■ Finally, we conclude that the "good faith" exception would apply in this case. Officer Weber had a reasonable, objective and good faith belief that the search warrant was valid. *United States v. Leon*, 468 U.S. 897, 905, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). As stated above, a review of the affidavit in this case clearly contains information that would indicate that Parker possessed methamphetamine. The affidavit provided information concerning the identity of the alleged wrongdoer, her

place of residence, and the type of drugs allegedly in her possession. Clearly the information set forth in the affidavit constitutes more than just a "bare bones" allegation of wrongdoing, and the search warrant issued based on the affidavit would support Weber's belief that evidence of wrongdoing existed on the premises to be searched. *See United States v. Williams*, 224 F.3d 530, 532–33 (6th Cir. 2000).

■ We conclude that the district court did not violate Parker's speedy trial rights. The Speedy Trial Act "requires dismissal of a criminal case, with or without prejudice, if the defendant is not tried seventy days after his indictment or the date he first appears in court, whichever date last occurs." *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir.1996). However, this time period is subject to excludable delays attributable to, inter alia, motions filed by the defendant or his co-defendants. *See* 18 U.S.C. § 3161(h)(1)-(8).

Here, the district court properly concluded that Parker's speedy trial clock began running on February 22, 2001, the day that the last of her co-defendants was arraigned. The clock ran for seven days, until March 2, when Parker sought a motion for a continuance of trial. The court granted the motion on March 13, and reset the trial date for June 11. Hence, the period between March 2 through March 13 is excluded because of Parker's motion for a continuance and the court's decision to grant her motion, *see Jenkins*, 92 F.3d at 440, and the period between March 14 through June 11 is excluded because of the court's grant of the continuance. *See* 18 U.S.C. § 3161(h)(8)(a). Although there were other possible periods of excludable delay, the district court properly determined that Parker's clock began running again on June 12, the day after the trial would have begun pursuant to the continu-

ance granted to Parker. A total of fifty-seven non-excludable days passed, when the clock was stopped again on August 1 because Parker filed a motion in limine regarding the use of certain evidence at trial. The speedy trial clock remained tolled until September 14, when the court ruled on Parker's motion in limine. In the order, the court noted that the clock would begin to run again on September 15 and that the trial had been rescheduled for September 19 (pursuant to the court's grant of the government's motion for a continuance). Adding the period between September 15 through September 19, Parker would be tried sixty-two non-excludable days after her speedy trial clock began to run. Hence, there was no violation of the Speedy Trial Act.

■ Finally, the district court properly enhanced Parker's offense level for possession of two shot guns. Section 2D1.1(b)(1) of the Sentencing Guidelines permits a two-point sentencing enhancement for possession of a firearm during a drug-trafficking crime. Before the sentencing court may impose the enhancement, the government must prove by a preponderance of the evidence that the defendant possessed the firearm during the drug-trafficking offense. *United States v. Saikaly*, 207 F.3d 363, 368 (6th Cir.2000). The burden then shifts to the defendant to show that it was clearly improbable that the weapon was connected to the offense. *Id.*

Here, Parker does not dispute that she had constructive possession of the shotguns. Furthermore, in light of her conviction, Parker was clearly in possession of methamphetamine with intent to distribute. Finally, Parker does not dispute that the weapons were kept in the same room where the drug-trafficking took place, and where the drugs and drug-money were kept in a safe. The guns were kept within easy reach, and were readily available if Parker desired to get to them. *See United States v. Hough*, 276 F.3d 884, 895 (6th Cir.), *cert denied*, 535 U.S. 1089, 122 S.Ct. 1986, 152 L.Ed.2d 1042 (2002). Hence, contrary to Parker's argument, she did not meet her burden of establishing that it was clearly improbable that these firearms were connected to her offense. *See United States v. Keszthelyi*, 308 F.3d 557, 558–59 (6th Cir.2002); *United States v. Hill*, 79 F.3d 1477, 1485–86 (6th Cir.1996).

Accordingly, we affirm the district court's judgment.